will not restrain by injunction offenders of a violation of an ordinance of the city; and before a bill in chancery will lie to close the place of the defendants as a nuisance, defendants are entitled to a trial by jury upon the question of fact as to whether or not the place is kept in violation of the ordinance and contrary to its provisions.

The motion to dissolve this injunction should have been allowed; to deny it was error. The order of the court denying the motion is therefore reversed, set aside and held for naught, and the cause is remanded to the trial court with directions to enter an order dissolving the temporary injunction.

*Reversed and remanded with directions.*

MR. JUSTICE THOMPSON dissents.

---

**C. E. Hoxworth, Appellant, v. Walter Kepple, Appellee.**

**(Not to be reported in full.)**

Appeal from the County Court of McDonough county; the Hon. CONRAD C. GUMBART, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

**Statement of the Case.**

Action by C. E. Hoxworth against Walter Kepple to recover back money paid for hay on account of the hay being damaged and a mistake in measuring same and for breach of warranty for the quality thereof. Suit was commenced before a justice of the peace, where plaintiff recovered judgment. Defendant then appealed to the County Court; where judgment was rendered in favor of defendant on a directed verdict, from which judgment plaintiff appeals.

VOSE & CREEL, for appellant.

FLACK & LAWYER, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

### Abstract of the Decision.

AUCTIONS AND AUCTIONEERS, § 6*—*when purchaser of hay at auction sale cannot complain of amount paid for.* Where a person purchases hay at an auction sale at so much a ton, it being announced at the time of the sale that the hay had been measured by disinterested persons and that bidders not satisfied with such measurements would be given opportunity to remeasure the same, *held* that the purchaser cannot complain that he did not get the full amount paid for where he voluntarily settles for the hay after he had ample opportunity to ascertain the amount thereof before making payment.

---

### G. W. Bryant, Appellee, v. Vandalia Railroad Company, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

### Statement of the Case.

Action by G. W. Bryant against Vandalia Railroad Company to recover for services rendered to defendant by plaintiff as station agent. Suit was commenced before a justice of the peace and plaintiff recovered a judgment. Defendant then appealed to the Circuit Court where judgment was rendered in favor of plaintiff for one hundred and thirty-five dollars, and from that judgment defendant appeals.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.